MAHONING COUNTY BAR ASSOCIATION *v.* WALSH.

[Cite as Mahoning Cty. Bar Assn. *v.* Walsh (1983), 8 Ohio St. 3d 32.]

(D.D. No. 83-12—Decided December 14, 1983.)

*Mr. John T. DeFazio,* for relator.
*Mr. John F. Shultz,* for respondent.

*Per Curiam.* Gov. Bar R. V(7) provides in pertinent part: "A person who has been suspended for a period of one year from the practice of law, or who has been publicly reprimanded for misconduct, upon being found guilty of subsequent misconduct, *shall* be suspended for an indefinite period from the practice of law or permanently disbarred, depending upon the seriousness of such misconduct." (Emphasis added.)

After fully reviewing this matter it is clear that respondent still is unable to pursue the responsibilities of legal practice. We are mindful of respondent's emotional difficulties and are sympathetic. However, we have held that disciplinary charges which stem from events which accrued prior to the imposition of unrelated disciplinary sanctions are not precluded. *Cincinnati Bar Assn.* v. *Ebel* (1983), 5 Ohio St. 3d 145, 146.

Respondent's attitude to date, by not having sought reinstatement from the original one-year suspension, further supports our belief that respondent is still unable to resume effective and zealous legal advocacy on behalf of a client. Under these circumstances it is entirely appropriate, and it is the judgment of this court, that respondent be indefinitely suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and WISE, JJ., concur.

WISE, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.